IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HENRY ARD,
    Petitioner,

vs.                                          Case No.: 3:07cv252/LAC/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 9). Respondent has filed a Motion to Dismiss or Stay Petition for Writ of Habeas Corpus (Failure to Exhaust State Court Remedies) (Doc. 12). Petitioner has filed a response in opposition to the motion (Doc. 20).

        This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by Petitioner and Respondent, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed without prejudice for Petitioner's failure to exhaust his state court remedies.

        On October 30, 2007, the undersigned determined that the pleadings and attachments before the court showed that Petitioner's amended federal habeas petition (Doc. 9) contained both unexhausted and exhausted claims and was therefore subject to dismissal unless the unexhausted claims were voluntarily dismissed (*see* Doc. 23). Accordingly, Petitioner was given an opportunity to notify the court whether he wished to voluntarily dismiss the unexhausted claims (*see id.* at 9 (providing Petitioner with three options)). In its October 30, 2007 order, the court specifically advised Petitioner that failure to unequivocally identify the option that he has selected would result

in this court construing his notice as indicating that he declines to dismiss the unexhausted grounds of his amended federal habeas petition (*id.*).

On December 10, 2007, Petitioner filed his response to this court's order of October 30, 2007 (Doc. 28). Petitioner's response is a twenty-nine (29) page document[1] that essentially disputes this court's conclusion that his amended federal habeas petition is a mixed petition and argues the merits of his claims (*see id.*). In addition, Petitioner states that "relevant facts have . . . occurred subsequent to the issuance of the court's [October 30, 2007] order" (*id.* at 1).[2] In relevant part, Petitioner points out that his appeal of the state trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion is still pending in the First District Court of Appeal of Florida ("First DCA") (*see* Doc. 28 at 5–6). In particular, Petitioner notes that initial briefing has not yet been completed and that the State recently sought, and was granted, an extension of time to respond to Petitioner's initial brief on appeal (*see id.*).[3] Therefore, the court construes Petitioner's response to this court's order of October 30, 2007 as indicating that he declines to dismiss the unexhausted grounds raised in his amended federal habeas petition.

I.  BACKGROUND

The procedural history of this case is outlined in this court's order of October 30, 2007 (*see* Doc. 23 at 1–3). In sum, on June 10, 2004, in the Circuit Court for Escambia County, Florida, Petitioner was convicted of three (3) counts of forgery, three (3) counts of uttering a forged instrument, and three (3) counts of petit theft and sentenced to a term of ten (10) years in prison (Doc. 9 at 1). Petitioner appealed his conviction to the First DCA, but his conviction was affirmed

---

[1]The court notes that Northern District of Florida Local Rule 7.1 provides that no memoranda may exceed twenty-five (25) pages absent good cause shown and prior order of the court. Notwithstanding this deficiency, the court has considered Petitioner's response to this court's order of October 30, 2007.

[2]Although the undersigned will not specifically identify every error in Petitioner's response to this court's order of October 30, 2007, it is worth noting that Petitioner's contention that a motion for appointment of counsel is pending is in error (*see* Doc. 28 at 4). On October 4, 2007, this court denied Petitioner's motion for appointment of counsel (Doc. 21).

[3]*See also* http://199.242.69.70/pls/ds/ds_docket_search?pscourt=1, search by case number for "1D07-1340." Petitioner's initial brief on the merits was filed on or about October 23, 2007, and the State's response thereto is currently due on or about February 4, 2008 (*see id.* (docket entries on October 23, 2007 and December 6, 2007 respectively) (last accessed December 13, 2007)).

Case No.: 3:07cv252/LAC/EMT

per curiam without written opinion.  *See* Ard v. State, 902 So. 2d 794 (Fla. 1st DCA 2005) (Table) ("Ard I").  Next, Petitioner filed a petition alleging ineffective assistance of appellate counsel in the First DCA, and the First DCA summarily denied the petition.  *See* Ard v. State, 918 So. 2d 966 (Fla. 1st DCA 2005) (Table) ("Ard II").[4]  Petitioner then filed a petition for belated appeal in the First DCA but was denied relief.  *See* Ard v. State, 923 So. 2d 496 (Fla. 1st DCA 2005) (Table) ("Ard III").  Next, Petitioner filed a motion for post-conviction relief in the state trial court pursuant to Rule 3.850, and after an evidentiary hearing on some claims, Petitioner's motion and his subsequent motion for rehearing were denied (*see* Doc. 9 at 4).[5]  On or about March 13, 2007, Petitioner appealed the decision to the First DCA (*id.*).  Currently, the appeal is pending before the First DCA (*id.*).[6]

II.     DISCUSSION

Respondent has moved to dismiss or stay the instant amended federal habeas petition because it contains both exhausted and unexhausted claims (*see* Doc. 12 at 1).

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[7] thereby giving

---

[4] Petitioner also filed a second petition alleging ineffective assistance of appellate counsel in the First DCA, and the First DCA summarily denied the petition.  Ard v. State, 949 So. 2d 231 (Fla. 1st DCA 2007) (Table) ("Ard IV").

[5] Petitioner also filed a second motion for post-conviction relief in the state trial court pursuant to Rule 3.850 (Doc. 9 at 6).  Petitioner states that this second Rule 3.850 motion is still pending in the state trial court (*id.*).

[6] *See* http://199.242.69.70/pls/ds/ds_docket_search?pscourt=1, search by case number for "1D07-1340."  The court notes that this is an appeal of lower court case number 2003-CF-5950A.  *See id.* (style of the case as listed on the online docket sheet).  The court also notes that Petitioner has filed a second appeal of the trial court's denial of this motion in the First DCA.  *See* http://199.242.69.70/pls/ds/ds_docket_search?pscourt=1, search by case number for "1D07-4857" (the First DCA docket reflects that this is a second appeal of lower court case number 2003-CF-5950A).

[7] Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure,

the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78. In Florida, exhaustion of state remedies generally requires a direct appeal or an appeal from the denial of a post-conviction motion. See Leonard v. Wainwright, 601 F.2d 807 (5th Cir. 1979).[8]

A federal district court ordinarily must dismiss without prejudice a habeas petition that contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982). The only exception to this rule recognized by the Eleventh Circuit is where it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default. See Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998). In that case, the district court may treat those claims barred by state law as no basis for federal habeas relief. Id. In any event, a petitioner may "always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims. By invoking this procedure, however, the [petitioner] would risk forfeiting consideration of his unexhausted claims in federal court." Rose, 455 U.S. at 520; Rhines v. Weber, 544 U.S. 269, 278 (2005) (quoting Rose and explaining the same). Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). Finally, in Rhines, 544 U.S. at 278, the Supreme Court held that the district court should stay, rather than dismiss, a "mixed" petition if "the petitioner had good cause for his failure to

---

the question presented.

[8]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

In this case, the court previously found that Petitioner's amended federal habeas petition is a mixed petition because it contains both exhausted and unexhausted claims (*see* Doc. 23 at 6). Indeed, Petitioner conceded that the issues raised in Ground One of his amended federal habeas petition are still being reviewed by the First DCA (*see* Doc. 20 at 3; Doc. 28 at 5–6). Moreover, the court also previously found that Grounds Four through Seven of the amended federal habeas petition had not been exhausted in state court because they too are the subject of Petitioner's appeal currently pending in the First DCA (*see* Doc. 23 at 6). Accordingly, the court advised Petitioner that because the instant amended federal habeas petition is a mixed petition and his claims pending before the First DCA are not procedurally defaulted, the instant amended federal habeas petition is subject to dismissal without prejudice unless the unexhausted claims are voluntarily dismissed (*see id.*). *See also* Rose, 455 U.S. at 519–20; Snowden, 135 F.3d at 736. Petitioner was given an opportunity to voluntarily dismiss the unexhausted claims, but he declined to do so (*see* Doc. 28). Therefore, the instant amended federal habeas petition is subject to dismissal without prejudice.

However, prior to recommending that Respondent's motion to dismiss be granted, the court will again consider whether a stay under Rhines is appropriate. Applying the standard set out in Rhines, the court previously determined that the record clearly demonstrated that Petitioner's appeal of the state court's denial of his post-conviction motion is pending in the First DCA and that Petitioner had shown no good reason why the state court should not have the first opportunity to rule on the issues he has raised in his amended federal habeas petition (*see* Doc. 23 at 7–8). *See also* Rhines, 544 U.S. at 278; Duncan, 513 U.S. at 365 (explaining that ordinarily the State must first be given an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."). Petitioner's response to the court's order of October 30, 2007 still fails to show good cause for Petitioner's failure to exhaust his claims in state court. Simply stated, Petitioner has still stated no good reason why the state court should not have the first opportunity to rule on the issues raised in his amended federal habeas petition. Therefore, Petitioner has not shown good cause under Rhines, and this action should not be stayed.

In summary, the amended federal habeas petition is subject to dismissal without prejudice

because it contains both exhausted and unexhausted claims and it is not obvious that the unexhausted claims are procedurally barred in state court. *See* Rose, 455 U.S. at 519–20; Snowden, 135 F.3d at 736. Furthermore, Petitioner is not entitled to a stay of this action because he has failed to show good cause for failing to exhaust his state court remedies prior to filing his federal habeas petition. *See* Rhines, 544 U.S. at 278. Therefore, Respondent's motion to dismiss should be granted.

Accordingly, it is respectfully **RECOMMENDED** that:

1.   Respondent's Motion to Dismiss or Stay Petition for Writ of Habeas Corpus (Failure to Exhaust State Court Remedies) (Doc. 12) be **GRANTED** to the extent it seeks dismissal of this action.

2.   The amended petition for writ of habeas corpus (Doc. 9) be **DISMISSED without prejudice** for failure to exhaust.

At Pensacola, Florida, this 17th day of December 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**